**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MOISES CHAVEZ-RUBIO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-664-KC** |
| | § | |
| **WARDEN, ERO EL PASO CAMP** | § | |
| **EAST MONTANA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered the case.  On March 9, 2026, the Court ordered

Respondents to show cause why Chavez-Rubio's Petition for a Writ of Habeas Corpus, ECF No.

1, should not be granted by March 16.  Mar. 9, 2026, Order 2, ECF No. 2.

Respondents now state that Chavez-Rubio "has a reinstated order of removal originally

entered in 2015, which mandates his detention under 8 U.S.C. § 1231(a) for a 90-day removal

period."  Resp. 1, ECF No. 3.  Yet, in the factual background portion of their Response,

Respondents state that Chavez-Rubio "was encountered and served with an expedited order of

removal and was removed to Mexico" in 2004, rather than 2015.  *Id.* at 1–2.  Then, on January

28, 2026, Chavez-Rubio "was encountered and the 2004 removal order was reinstated."  *Id.* at 2.

Despite the date discrepancy, Respondents argue that because Chavez-Rubio is subject to a final

order of removal, his continued detention is currently lawful.  *Id.* at 4.  In his Petition, Chavez-

Rubio does not state that he is subject to any final order of removal, but rather that he entered the

country in 2004 and was living in Austin, Minnesota until ICE detained him this January.  Pet. ¶

40.

Accordingly, the Court **ORDERS** that Chavez-Rubio shall **FILE** a reply addressing whether he is subject to a final order of removal and the significance of such order for his Petition, **by no later than March 25, 2026**.

**SO ORDERED**.

**SIGNED this 18th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE